UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-01916-MD-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION

This Document Relates To:

ATA ACTION
_____/

Case No. 15-cv-81585-KAM

JORGE PORTER, *et al.*,

                         Plaintiffs,

     v.

CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*,

                         Defendants.
_____/

**DEFENDANT CHARLES KEISER'S INDIVIDUAL SUPPLEMENTAL REPLY IN
SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................ 1

I.      PLAINTIFFS' CLAIMS ARE TIME-BARRED.............................................................. 1

II.      PLAINTIFFS' TVPA CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. ................................................................................................... 3

CONCLUSION ................................................................................................................................ 5

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adrianne Roggenbuck Trust v. Development Resources. Group, LLC*,
   No. 6:09-CV-2158ORL31KRS, 2010 WL 3824215 (M.D. Fla. Sept. 27, 2010) ...................... 2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ 3, 4

*Dugas v. 3M Co.*,
   101 F. Supp. 3d 1246 (M.D. Fla. 2015) ................................................................................ 2

*West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*,
   287 F. App'x 81 (11th Cir. 2008) ......................................................................................... 2

*Mizzaro v. Home Depot, Inc.*,
   544 F.3d 1230 (11th Cir. 2008) ............................................................................................ 2

**Statutes**

Federal Rules of Civil Procedure ............................................................................... *passim*

**INTRODUCTION**

Defendant Charles Keiser submits this brief as a supplement to the Joint Consolidated Reply in Support of the Motion to Dismiss Plaintiffs' Complaint ("Joint Reply"), to address the individualized issues concerning the claims asserted against him in this action.[1]  Mr. Keiser otherwise relies on the arguments set forth in the Joint Reply, which he joins in full.

As an initial matter, Plaintiffs' TVPA claims against Mr. Keiser must be dismissed as time-barred.  Plaintiffs attempt to establish equitable tolling through fraudulent concealment by impermissibly asserting *collective* allegations of fraud, rather than the individualized and particularized allegations required by Rule 9(b).  In addition, Chiquita publicly disclosed the alleged payments in 2004, precluding Plaintiffs from establishing fraudulent concealment through November 2005, as required.

Plaintiffs' TVPA claims also must be dismissed for failure to state a claim against Mr. Keiser.  When the complaint is stripped of its improper collective allegations involving "Chiquita and the Individual Defendants," what is left is insufficient to state a claim against Mr. Keiser under the TVPA.

**I.     PLAINTIFFS' CLAIMS ARE TIME-BARRED.**

As set forth in the Joint Brief, Plaintiffs claims are time-barred unless they can plead equitable tolling through fraudulent concealment through November 2005.  Plaintiffs implicitly concede, however, that the few allegations that mention Mr. Keiser are insufficient to plead fraudulent concealment with the particularity required by Rule 9(b).  Indeed, they expressly state that the specific allegations are not intended to be sufficient standing alone, but rather that they

---

[1] Plaintiffs concede that they assert only TVPA claims against Mr. Keiser.  They have not brought claims under the Antiterrorism Act against Individual Defendants. (D.E. 1096, at 17-18.)

1

simply provide "context for those allegations where the Individual Defendants are grouped using the defined term in lieu of listing each one separately." (D.E. 1096, at 14 ("Joint Opp.").)

Plaintiffs defend their "group" pleading approach by arguing that "it is permissible to group defendants when their roles, perspectives, actions, or knowledge are the same." (D.E. 1097, at 3 n.1 ("Opp.").) But the Eleventh Circuit has never recognized such an exception to the well-established rule that a plaintiff's complaint must "contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). And district courts routinely hold that group allegations fail to satisfy Rule 9(b). *See Dugas v. 3M Co.*, 101 F. Supp. 3d 1246, 1255 (M.D. Fla. 2015) ("[c]ourts have interpreted Rule 9(b) to require plaintiffs to differentiate their allegations," and to "inform each defendant separately of the allegations surrounding his alleged participation in the fraud"); *Adrianne Roggenbuck Trust v. Dev. Res. Grp., LLC*, No. 6:09-CV-2158ORL31KRS, 2010 WL 3824215, at *3 (M.D. Fla. Sept. 27, 2010) ("Rule 9(b) requires the Plaintiffs to inform *each* defendant as to what he is accused of doing.") (emphasis in original).

Regardless, the complaint lacks any allegations that would support applying such an exception here. The complaint does not allege that each Individual Defendant had the same role, perspective, knowledge, or took the same actions. To the contrary, the complaint acknowledges that precisely the opposite is true: each Individual Defendant had a different role at Chiquita, and in many instances, filled those roles during different time periods. (Compl. ¶¶ 19-24.) Stripped of the collective allegations, the complaint plainly fails to plead that Mr. Keiser, who left Colombia years prior, fraudulently concealed payments to the AUC through November 2005, as it must do to save Plaintiffs' claims. (Joint Reply 8-12.) Indeed, Plaintiffs' allegations of

fraudulent concealment include only *one sentence* specifically addressing Mr. Keiser's purported role in concealing the payments made to the AUC. (Compl. ¶ 157.) In that sentence, all Plaintiffs allege is that Mr. Keiser "helped design, coordinate, and implement procedures and plans to conceal the payments to the AUC," but these conclusory allegations are entirely lacking in the specificity required by Rule 9(b), which requires that Plaintiffs "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including by pleading "the who, what, when, where, and how of the alleged[]" fraud. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Thus, Plaintiffs have not pleaded fraudulent concealment with the requisite specificity as to Mr. Keiser, and Plaintiffs claims against him are time-barred.

## II. PLAINTIFFS' TVPA CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiffs' TVPA claim also must be dismissed for failure to state a claim against Mr. Keiser. Indeed, Plaintiffs do not even attempt to show that the individualized allegations against Mr. Keiser are sufficient, standing alone, to state a TVPA claim. And given that Mr. Keiser is mentioned in only 10 of the 337 numbered paragraphs, such a showing would not be possible. Instead, Plaintiffs again attempt to rely on their conclusory, collective allegations involving "Chiquita and the Individual Defendants," rather than any specific allegations against Mr. Keiser. (*Compare* Opp. 6-8 (citing Compl. ¶ 149), *with* Compl. ¶ 149 ("Chiquita and the Individual Defendants adopted a plan to knowingly and intentionally provide substantial assistance and material support" to the AUC).) But these generalized allegations that simply recite the legal standard are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]

---

[2] Mr. Keiser acknowledges that this Court recently held that the ATS plaintiffs sufficiently pleaded a TVPA claim against him. (D.E. 1110.) Mr. Keiser respectfully submits that the Court (continued…)

3

Moreover, the individualized allegations against Mr. Keiser are insufficient to plead aiding and abetting liability.  To state a claim for aiding and abetting under the TVPA, Plaintiffs must allege individualized facts showing that Mr. Keiser knowingly and substantially assisted the AUC's commission of the alleged offenses.  *See Doe v. Drummond*, 782 F.3d 576, 608 (11th Cir. 2015).  None of the facts alleged in the complaint, however, support a plausible inference that Mr. Keiser *knew* that the AUC was torturing and killing Colombian civilians, much less American civilians.  The complaint states that Mr. Keiser knew that the AUC targeted "left-wing guerrilla groups," but that purported knowledge is irrelevant because Plaintiffs do not allege that Mr. Porter and Mr. Puerta—the individuals allegedly targeted by the AUC in this case—were part of a left-wing guerrilla group.  Similarly, the allegations regarding the "substantial assistance" requirement for aiding and abetting liability also fail.  Plaintiffs cannot identify any allegation in the complaint that demonstrates that the assistance purportedly provided by Mr. Keiser was "substantial" when measured against the AUC's other sources of support.  Again, Plaintiffs' conclusory allegation that Mr. Keiser's actions were "substantially assisting the AUC's use of the Paramilitary Terrorism Tactics" (Compl. ¶ 157) is insufficient because it merely states the legal standard.  *Iqbal*, 556 U.S. at 678.

Nor have Plaintiffs adequately pleaded a TVPA claim based on a conspiracy theory, which requires Plaintiffs allege that the Individual Defendants entered into an agreement with the AUC with the purpose or intent to torture and kill civilians.  (*See* ATS Order 68.).  Indeed, the allegations of a purported "conspiracy" do not even mention Mr. Keiser.  (Compl. ¶ 278.)  While Plaintiffs allege that Mr. Keiser met with the AUC (*id.* ¶¶ 141-44), they do not allege—nor could

---

erred in reaching this decision because, as in this case, the individualized allegations involving Mr. Keiser in the ATS complaints are insufficient to state a TVPA claim.

4

they—that, in that meeting, Mr. Keiser reached an "agreement" with the AUC to kidnap and kill Colombian and American civilians.  The complaint also is entirely lacking in allegations sufficient to allege that Mr. Keiser joined the alleged conspiracy with knowledge of at least one of its illicit goals and an intent to further it.  Plaintiffs' TVPA claims must therefore be dismissed.

## CONCLUSION

For the foregoing reasons and the reasons set forth in his previous motion to dismiss, Mr. Keiser respectfully requests that the Court dismiss the Complaint with prejudice under Federal Rules of Civil Procedure 12(b)(1), (2) and (6).


Respectfully submitted,                                             Dated: June 15, 2016

/s/ L. Louis Mrachek
L. Louis Mrachek (Fla. Bar No. 182880)
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, Florida 33401
Telephone: (561) 655-2250
Fax: (561) 655-5537

David S. Krakoff (*pro hac vice*)
James T. Parkinson (*pro hac vice*)
BUCKLEYSANDLER LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
Telephone:  (202) 349-8000
Fax:  (202) 349-8080

*Attorneys for Defendant Charles Keiser*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 15th day of June, 2016.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

      By:   /s/ L. Louis Mrachek
              L. Louis Mrachek (Fla. Bar No. 182880)